UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RICHARD SCHOMAKER,

        Petitioner,

v.

SCOTT WRIGGELSWORTH,

        Respondent.

_____/

Case No. 1:19-cv-478

Honorable Gordon J. Quist

## **OPINION**

This is a habeas corpus action brought by a county jail inmate under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.  Factual allegations

Petitioner Richard Schomaker is incarcerated at the Ingham County Jail. Following a jury trial in the 54B District Court, Petitioner was convicted of the misdemeanor of nuisance, in violation of East Lansing Ordinance 26-3(8), because he maintained an unsafe structure, specifically, a noncompliant fence/wall. Plaintiff's barrier consisted of

> a combination of paving stones, cinder blocks, and chain link fence. At the time it was originally constructed, barbed wire was installed. No footings were placed to support the paving stones and cinder blocks. . . . The paving stones and cinder blocks are not stabilized with rebar or pea stone and are not constructed on footings. The blocks are not interlocked in any way. No mortar has been placed between the paving stones or the cinder blocks. There is no adhesion between the blocks and/or the paving stones. Defendant has placed loose angle iron top to bottom within the cinder blocks, apparently for the purpose of preventing them from collapsing into a pile of loose blocks.

(54B District Ct. Order for Re-Sentencing After Remand, ECF No. 1-1, PageID.81.)

On August 29, 2016, Petitioner was placed on short-term probation and ordered to "complete, within ninety (90) days, a fence that is in compliance with the city's requirements . . . ." (54B District Ct. Order, ECF No. 1-1, PageID.80-81.)

On November 29, 2016, a probation violation was docketed, indicating that Petitioner had failed to bring his fence into compliance with the city ordinance. (54B Register of Action, ECF No. 1-1, PageID.106.) A notice to appear for arraignment on the probation violation issued on December 2, 2016. (*Id.*) The probation-violation arraignment was twice postponed, because Petitioner had appealed his sentence to the Ingham County Circuit Court.

On February 1, 2017, the circuit court vacated the sentence and "remanded for an evidentiary hearing and for further proceedings regarding the "Retaining Wall" and "Fence Height[.]" (*Id.*, PageID.81.) The court retained jurisdiction. On remand, the district court held an

evidentiary hearing and, in an order issued on August 23, 2017, detailed its findings about the deficiencies of the wall/fence that supported the sentence. (*Id.*) The court set a new sentencing date of September 13, 2017, but the parties stipulated to an order to adjourn the sentencing on September 12, 2017. (*Id.*, PageID.109.)

On October 18, 2017, the district court judge held a re-sentencing hearing. (*Id.*, PageID.110.) The court continued the bonds. (*Id.*) In an order issued on November 15, 2017, the circuit court dismissed the appeal. (*Id.*, PageID.111; Cir. Ct. Ord., ECF No. 1-1, PageID.85-86, 221-222.) Following a sentencing hearing, Petitioner was again sentenced on February 21, 2018, to a three-month period of probation, together with approximately $1,600.00 in fines and costs. (54B Register of Action, ECF No. 101, PageID.112.) Petitioner was given three months to bring the fence into compliance and to pay the fines. (*Id.*) On March 8, 2018, the court amended the probation order, extending it by one month. (*Id.*, PageID.113.)

Petitioner filed a claim of appeal to the circuit court on March 30, 2018. (*Id.*, PageID.112-113.) On May 21, 2018, Petitioner sought a stay of the proceedings, pending the outcome of the appeal. That same date, a probation violation notice was filed, and arraignment on the probation violation was scheduled for May 23, 2018. (*Id.*, PageID.113-114.) At a hearing held on June 19, 2018, the district court granted Petitioner's motion to stay and to continue the bond on appeal. (*Id.*, PageID.114; Hr'g on Mot. to Stay Pending Appeal, ECF No. 1-1, PageID.115-120.)

The circuit court granted Petitioner leave to appeal on June 14, 2018, but directed Petitioner to comply fully with Mich. Ct. R. 7.104(D)(1), (4), and (6) within seven days. (6/14/18 Cir. Ct. Order, ECF No. 1-1, PageID.36-37.) On June 25, 2018, the court dismissed the appeal, because Petitioner failed to comply with the order by filing a copy of the decision being appealed.

(6/25/2018 Cir. Ct. Order, ECF No. 1-3, PageID.228.) Petitioner sought reconsideration. In an opinion and order issued on September 12, 2018, the circuit court denied the motion. (9/12/2018 Cir. Ct. Order, ECF No. 1-3, PageID.42-43.)

Petitioner was scheduled for a probation-violation arraignment on November 9, 2018, and it ultimately was held on December 1, 2018. (*Id.*, PageID.153.) A probation-violation hearing was held on January 30, 2019, and February 4, 2019. At a hearing held on February 19, 2019, the court found Petitioner to be in civil contempt and guilty of the probation violation, as the fence had not been repaired. The court continued probation until June 22, 2019, and amended the conditions of probation. (*Id.*, PageID.154-155; 2/19/2019 Order, 54B District Court, ECF No. 1-4, PageID.296-297.)

On March 12, 2019, Petitioner filed an application for leave to appeal the June 25, 2018, dismissal of his appeal by the circuit court. (Mich. Ct. App. Docket Sheet, Case No. 347994, ECF No. 1-3, PageID.233.) That appeal remains pending.

On March 18, 2019, the court sentenced Petitioner on the probation violation, revoking probation and sentencing Petitioner to 10 days in jail. (54B Register of Action, ECF No. 1-1, PageID.156; Probation-Violation Sentencing Tr., ECF No. 1-3, PageID.278-293.) The court denied Petitioner's motion for reconsideration on March 22, 2019. (54B District Ct. Order Den. Mot. for Recons., ECF No. 1-1, PageID.236-237.) On March 20, 2019, Petitioner filed an ex parte motion to stay the order of incarceration and vacate the probation order. (54B District Ct., ECF No. 1-4, PageID.269.) The court, on March 22, 2019, granted the temporary stay of incarceration and scheduled a show cause hearing. (*Id.*) On April 10, 2019, the circuit court dissolved the stay and remanded the case to the district court to enter commitment papers. (4/10/19 Cir. Ct. Ord.,

ECF No. 1-3, PageID.241.)

On June 12, 2019, the district court entered an amended judgment of sentence, revoking probation and directing Petitioner to surrender himself on June 14, 2019, at 6:00 p.m., to begin his 10-day jail term. (Am. J. of Sentence & Commitment to Jail, ECF. No. 2-1, PageID.335.)

On June 14, 2019, Petitioner filed a habeas corpus petition, challenging the sentence imposed on the probation violation. The petition raises four grounds for relief, as follows:

I. Petitioner's Due Process rights as they apply to the issue of a Probation Violation, and a hearing on the validity of the assertion that a probation violation had occurred; were violated in multiple ways during what were termed probation violation/pre-sentencing hearings on the matter of the probation violation.

II. Use of sentencing on appeal and remand as a punitive measure.

III. The original conviction is founded on the premise that petitioner scattered his own fencing materials into the alley right-of-way, for some reason or according to some logic that petitioner is at a loss to comprehend; Petitioner elsewhere alleges that the prosecution as well as the trial court committed errors of procedure and of law, that enabled the prosecution to adjust the jury more to its own desires. As such defendant was denied his right to a trial by a fair and impartial jury.

IV. The probation violation – which should not exist in petitioner's opinion – is founded in large part on the idea that defendant did not attempt to comply with the trial court's demands. The trial court kept insisting on the City's need to inspect the interior of defendant's wall (which the City improperly claimed was a fence), because it had be[en] decreed that the retaining wall was only a retaining wall to the depth of his backfill. These inspections occurred even though defendant repeatedly objected to counsel that they were not occurring within the scope decreed in court. Defendant repeatedly reconfigured his wall and during inspections demonstrated each time how he was complying with even the City's fanciful definition of a retaining wall. The city conducted many inspections of defendant's property without permission and in the absence of any defense representation. When the City inspected on January 29, 2019, having seen that his wall was as described in court, claimed that as he had not made the changes on the complete boundary of his property it did not matter.

(Pet., ECF No. 1, PageID.5, 7, 9, 10.)  With his petition, Petitioner also filed a motion seeking an emergency stay of incarceration.  (ECF No. 2.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  In his submissions, Petitioner acknowledges that his appeal from his conviction and original sentence remains pending in the Michigan Court of Appeals.  Petitioner does not indicate whether he has filed an appeal from the probation violation conviction and resentencing in the Ingham County Circuit Court.  Instead, Petitioner has come directly to federal court, seeking in his "Emergency Request [for] Stay of Incarceration" a stay of his sentence pending review of his habeas application.  (ECF No. 2, PageID.334.)  Petitioner contends that,

6

absent such a stay, his 10-day jail term will expire before he has an opportunity to bring his habeas action.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has more than one available procedure by which to raise the issues he has presented in this application. He may file an appeal of his probation-violation conviction and his amended judgment of sentence to the circuit court, followed by appeals to the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner also may seek a stay of the execution of his sentence with those courts. Therefore, the Court concludes that he has at least one available state remedy. If his appeal or motion to stay is denied by the circuit court, Petitioner may appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has wholly failed to exhaust his available state-court remedies, this Court may not grant habeas relief of any sort. *See* 28 U.S.C. § 2254(b)(1). Petitioner's habeas application therefore will be dismissed without prejudice. For the same reasons, Petitioner's motion to stay incarceration will be denied.

### III. Certificate of appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth

Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application should be denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied.

The Court will enter an order and judgment consistent with this opinion.


Dated: July 8, 2019              /s/ Gordon J. Quist
                                 GORDON J. QUIST
                                 UNITED STATES DISTRICT JUDGE